IN THE UNITED STAES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STAES OF AMERICA**

    v.                                                                      2:19-cr-000171

**ROBERT JAMES McCABE, et al**

    **Defendant,**

### DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO INTRODUCE EVIDENCE

On July 19, 2021, the government filed, along with its trial memorandum, its notice to introduce certain evidence at trial. As set forth below, Mr. McCabe hereby objects to the introduction of the following evidence:

**I.**    **Statements of Agents and Employees**

The government seeks to admit into evidence "emails and other documents prepared by numerous employees of the Norfolk Sherriff's Office". (Gov't Tr. Memo 21)(ECF 94) The government asserts that these items fall under the hearsay exception set forth in FRE 801(d)((2)(D).

Rule 801(d)(2)(D) provides that a statement is not hearsay if it "is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship . . . while it existed." Under this rule, the admissibility of a statement requires that the "declarant be both authorized and acting within the scope of employment." *United States v. Riley*, 621 F.3d 312, 338 (3d Cir. 2010). Because counsel does not know specifically what statements the government seeks to introduce, he has no way to assess whether any particular statement falls under the rule.

1

## II. Statements of Co-conspirators

The government seeks to introduce various out of court statements made by Mr. McCabe's alleged co-conspirators. (Gov't Tr. Memo. 22) Mr. McCabe acknowledges that statements of co-conspirators are admissible provided that the government establishes, by a preponderance of the evidence, that a conspiracy existed, the declarant and defendant were both members of that conspiracy, and the statement at issue was made in the course of and in furtherance of that conspiracy. *See United States v. Heater*, 63 F.3d 311, 324 (4th Cir. 1995), FRE 801(d)(2)(E). Again, because the government has not identified which specific statements it seeks to introduce, counsel has no way to assess whether any particular statement meets these parameters for admission.

## III. Statements of a Deceased Witness

The government seeks to introduce a statement allegedly made by former undersheriff Norman Hughey to Paul Balance in 2010. (Gov't Tr. Memo. 23) Mr. Hughey died in 2019. Specifically, the government claims that during the 2010 FRP process, Mr. Hughey informed Mr. McCabe that CCS did not have the lowest bid. (Gov't Tr. Memo 23) Mr. McCabe is alleged to have responded to Mr. Hughey by insinuating that he should call a senior CCS employee and inform him of this. (*Id.*) The government asserts that Mr. Hughey's statement is admissible under the residual hearsay exception set forth in FRE 807. (Gov't Tr. Memo. 24)

Rule 807 provides that a statement may be admissible even if it does not fall under another hearsay exception provided that the statement "is supported by sufficient guarantees of trustworthiness–after considering the totality of circumstances under

2

which it was made and evidence, if any, corroborating the statement; and that the statement "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." The government asserts that the statement at issue is trustworthy because there is "no indication that Hughey would have a motivation to lie about such events – particularly at the time they occurred" and that Mr. Balance can be cross-examined about the "circumstances of the statement". (Gov't Tr. Memo. 24) The government also claims that the fact that Mr. Hughey gave the same statement on two occasions supports its trustworthiness. (*Id.*)

The residual hearsay exception "is a narrow exception that should not be construed broadly." *United States v. Dunford,* 148 F.3d 385, 394 (4th Cir.1998) ("To construe it broadly would easily cause the exception to swallow the rule."). Indeed, the exception should be employed only in "exceptional circumstances". *Goode v. United States*, 730 F. Supp. 2d 469, 473 (D. Md. 2010). This is not an an exceptional circumstance. *See Goode*, 730 F. Supp. 2d at 743. ("The death of a witness does not alone qualify as an exceptional circumstance to admit the witness' statements under the residual exception.").

Further, Mr. McCabe's inability to cross-examine the declarant weighs heavily against admission. "When evidence is admitted under a firmly rooted hearsay exception, a court can infer[] without more that it is sufficiently reliable to satisfy the Confrontation Clause." *United States v. Shaw*, 69 F.3d 1249, 1253 (4th Cir. 1995) (internal quotation omitted). However, when the hearsay sought to be admitted does not fall under a recognized exception, the Confrontation Clause requires "a showing of particularized guarantees of trustworthiness". *Id.* "This trustworthiness requirement—

3

which serves as a surrogate for the declarant's in court cross-examination—is satisfied if the court can conclude that cross-examination would be of marginal utility." *Id.* (internal quotation omitted).

Despite the government's claim, Mr. Hughey had significant bias and motivation to fabricate. For instance, Mr. Hughey had animosity toward Mr. McCabe as the result of a real estate transaction between to two in the early 2000's. In addition, during his tenure with the Norfolk Sheriff's Department, Mr. Hughey was charged with solicitation of prostitution. As a result of that charge, Mr. Hughey was forced to retire, which upset him a great deal. Mr. Hughey apparently blamed Mr. McCabe for forcing him to retire. Mr. Hughey later returned to work at the jail via employment with a food services contractor. Mr. Hughey was once again caught soliciting prostitution. Consequently, Mr. McCabe ordered that Mr. Hughey's security clearance be revoked causing Mr. Hughey to be unemployable at the jail. Mr. Hughey was extremely bitter about the loss of his job and was very upset at Mr. McCabe because of it. Mr. Hughey harbored hostility towards Mr. McCabe as a result.

In light of the obvious bias and motive to lie on the part of Mr. Hughey, the Court certainly cannot conclude here that cross-examination would be of only marginal utility. *See W. Va. ex rel. McGraw v. Meadow Gold Dairies*, 875 F. Supp. 340, 349 (W.D. Va. 1994) (noting that ex-employee's animosity over being fired "creates reasons to fabricate"); *See also*, *United States v. Lentz*, 282 F. Supp. 2d 399, 426 (E.D. Va. 2002)(holding ex-wife's out of court statements inadmissible under the residual hearsay exception where it was clear she harbored "intense animosity" towards the defendant

and where defendant had no opportunity to cross-examine and thus the jury had no way to gauge the reliability of the statements).

Moreover, the right of a defendant to confront a witness though mean of cross-examination in open court is fundamental to our system of justice. *See Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S. Ct. 1038, 1046 (1973)([cross-examination is] an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal"). To admit this statement without any ability of the defense to question Mr. Hughey about these potential biases or motives to fabricate is a clear violation of Mr. McCabe's right to confrontation. *See Kentucky v. Stincer*, 482 U.S. 730, 738, 107 S. Ct. 2658, 2663 (1987) (noting that the denial of "the right to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness" violates the Confrontation Clause). It is also important to note that Mr. Hughey's statement contains glaring errors that call in to question his truthfulness. Mr. McCabe is without any means to confront and question Mr. Hughey about the errors and discrepancies in his statement.

In addition, contrary to the government's claim, the ability of the defense to cross-examine Mr. Balance about Mr. Hughey's statement is utterly irrelevant. Mr. Hughey is the maker of the statement and it is he who Mr. McCabe has the right to confront, not Mr. Balance. The ability to question "an in-court witness who relates the statements of an absent witness is no substitute for the direct confrontation guaranteed by the Sixth Amendment". *Ocampo v. Vail*, 649 F.3d 1098, 1113 (9th Cir. 2011)(*citing Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364 (2004)). "Without doubt, the proposition that the opportunity to cross-examine an in-court witness about an out-of-

court testimonial statement by an absent witness is sufficient is contrary to clearly established Supreme Court law." *Id.* (*citing Crawford* and *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266 (2006)).

Finally, the fact that Mr. Hughey might have given the same statement twice in no way supports the veracity of the statement, especially in light of all of the other problems noted above. In fact, Mr. Hughey himself, in his statement to the FBI in 2018, says only that he *may* have talked to Mr. Balance in 2010 about his conversation with Mr. McCabe concerning the 2010 FRP process.

Because the government has not shown the requisite particularized guarantees of trustworthiness and because admission of the statement would infringe upon Mr. McCabe's fundamental right to confront his accuser, the Court should deny the government's motion to admit Mr. Hughey's out-of-court statement at trial.

### IV. 404(b) Evidence

The government seeks to introduce a litany of testimony that it claims "constitutes proof of the defendant's involvement in the charged conduct, provides background and context to the crimes charged in the indictment, and will serve to complete the story for the jury." (Gov't Tr. Memo. 29-30) The government seeks to introduce the following under Rule 404(b):

> During work hours, McCabe directed certain deputies to perform his personal errands—including walking his dogs and picking his child up from school in Virginia Beach. Also during work hours, McCabe directed a certain deputy to chauffer the wife of a supporter to and from medical appointments and to pick up business associates at the airport.
>
> After work hours, McCabe directed certain deputies to chauffer him to events in a limo (provided free of cost by Conspirator #2 and another supporter) or a town car. This deputy drove McCabe on numerous

occasions including to restaurants, special events, concerts, and out of state casinos and sporting events.

McCabe used inmates on work release from the Norfolk City Jail to assist with the setup of his campaign events and to work as dishwashers in restaurants which were partially owned by Conspirator #2 or by other supporters who gave McCabe things of value including, but not limited to, substantial campaign contributions and the use of limos and town cars.

McCabe provided jobs at the Norfolk Sheriff's Office to family members of politically connected individuals in Norfolk.

McCabe allowed a campaign contributor to use a boat slip during "HarborFest" that the City of Norfolk had reserved for the Norfolk Sheriff's Office to ensure security for the event.

McCabe arranged for the Norfolk Sheriff's Office to rent a warehouse owned by a campaign contributor.

McCabe lived in a newly constructed home built by a wealthy friend who only charged McCabe for the cost of labor and materials.

McCabe relied upon the monetary value of providing security and other services by employees of the Norfolk Sheriff's Office during athletic events at Old Dominion University to qualify for the purchase of a luxury suite to watch college football games.

McCabe directed a contributor to give funds to PD – a straw donor – so that McCabe could list PD as contributing to his mayoral campaign.

(Gov't Tr. Memo. 29)

What the government is really seeking to do is to use this character evidence to persuade a jury that Mr. McCabe acted in accordance with these prior "bad acts".

Rule 404(b) provides that character evidence is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except when offered "for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Fourth Circuit has consistently gone beyond the language of the Rule to hold that such evidence must

further be 1) relevant to an issue other than character, 2) necessary, and 3) reliable. *See United States v. Bell*, 901 F.3d 455, 464-66 (4th Cir. 2018), *United States v. Hall,* 858 F.3d 254, 260 (4th Cir. 2017). In an effort to further clarify the imitations on character evidence, the Fourth Circuit established a four-part test to evaluate admissibility. The Court must consider whether the government has proven these four elements:

> (1)The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.
>
> *United States v. Queen,* 132 F.3d 991, 997 (4th Cir. 1997), see *also Hall,* 858

F.3d at 266. The Fourth Circuit has noted that "the general inadmissibility of such evidence is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012) (internal quotation omitted).

These acts are not relevant to or probative of any element of any charged offense nor are they necessary to prove any offense. Nor has the government offered any basis upon which to judge the reliability of this evidence.

Finally, and importantly, the court must engage in a balancing test between the probative value and the unfair prejudice this evidence presents. There is significant risk of prejudice in a case where the government purports to multiple witnesses to prove the

allegations it set forth in the indictment. The government, based on its 404(b) notice, intends to use multiple categories of character evidence to persuade a jury that Mr. McCabe acted in accordance with these prior "bad acts," which is exactly what the entire body of case law cautions against. The general exclusion body of case law is rooted in the "revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). Accordingly, this Court should deny the Government's motion to admit this evidence.

## Conclusion

WHEREFORE, the Defendant Robert James McCabe, requests that the Court deny the government's motions to admit each category of evidence discussed above.

    Respectfully submitted,

    Robert James McCabe
    By Counsel

    _____/s/_____
    James O. Broccoletti, Esquire
    VSB# 17869
    Counsel for Robert James McCabe
    ZOBY, BROCCOLETTI & NORMILE, P.C.
    6663 Stoney Point South
    Norfolk, VA 23502
    (757) 466-0750
    (757) 466-5026
    james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Melissa O'Boyle, Esquire
    United States Attorney's Office

101 W Main Street, STE 8000
Norfolk, VA 23510
757-441-6331
melissa.oboyle@usdoj.gov

Randy Stoker, Esquire
United States Attorney's Office
101 W Main Street, STE 8000
Norfolk, VA 23510
757-441-6331
randy.stoker@usdoj.gov

                                          _____/s/_____
                                          James O. Broccoletti, Esquire
                                          VSB# 17869
                                          Counsel for Robert James McCabe
                                          ZOBY, BROCCOLETTI & NORMILE, P.C.
                                          6663 Stoney Point South
                                          Norfolk, VA 23502
                                          (757) 466-0750
                                          (757) 466-5026
                                          james@zobybroccoletti.com